# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, | |
| Plaintiff, | Civil Action No. 18-cv-642 |
| v. | **JURY TRIAL DEMANDED** |
| GET WRECKED JUICES LLC; and BRIAN EDWARD TURNER, | |
| Defendants. | |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT;
FEDERAL TRADEMARK DILUTION; FEDERAL UNFAIR COMPETITION;
VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT;
<u>AND COMMON LAW TRADEMARK INFRINGEMENT</u>**

Plaintiff, Wm. Wrigley Jr. Company ("Wrigley"), by and through its attorneys, Loeb & Loeb LLP, for its complaint against Get Wrecked Juices LLC and Brian Edward Turner (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. There is a growing concern, shared by the FDA, the Senate and others, that the marketing of e-cigarette materials in chocolate, fruit and/or candy flavors harmfully targets children under 18 years of age. This action is brought because Defendants have refused to cease their misappropriation of Wrigley's famous and federally registered STARBURST and SKITTLES trademarks for use on Defendants' e-liquid for electronic cigarettes, in an intentional effort to trade off of the valuable goodwill that Wrigley has built up in its marks. Defendants' unauthorized and infringing use of Wrigley's STARBURST and SKITTLES trademarks are likely to cause confusion, harm the public, and damage Wrigley's valuable rights.

2. Therefore, to address these concerns, Wrigley brings this civil action seeking damages and injunctive relief for willful trademark infringement, dilution, and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.* and Illinois common law.

## THE PARTIES

3. Wrigley is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Upon information and belief, Defendant, Get Wrecked Juices LLC, is a Florida limited liability company with its principal place of business at 5800 Beach Boulevard, Suite 203-221, Jacksonville, Florida 32207.

5. Upon information and belief, Defendant, Brian Edward Turner, is a Florida resident, the manager/principal of Get Wrecked Juices, and has at all times directed and controlled the complained of activities by Get Wrecked Juices.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Wrigley's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Wrigley's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and therefore arise out of the laws of the United States; specifically, laws relating to trademarks. Furthermore, this Court has jurisdiction over Wrigley's claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and the parties are citizens of different states. This Court also has supplemental jurisdiction over Wrigley's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Personal jurisdiction over Defendants is proper because, on information and belief, Defendants operate an interactive Internet store, Get Wrecked Juices, located at https://www.getwreckedjuices.com, whereby they intentionally offer for sale to residents of the State of Illinois e-liquid products which infringe on Wrigley's trademarks, knowingly causing injury to Wrigley in the State of Illinois.

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## GENERAL ALLEGATIONS

### I. WRIGLEY'S FAMOUS TRADEMARKS

9. Wrigley is a recognized global leader in confections, with a wide range of product offerings including gum, mints, and candies. Wrigley markets products under dozens of well-known brands, including STARBURST, SKITTLES, DOUBLEMINT, JUICY FRUIT, and LIFE SAVERS.

10. Wrigley and its predecessors have long marketed candy and related products under the famous STARBURST mark and trade dress, which features, among other things, the word mark STARBURST in stylized lettering and distinctive wrappers with an "S" imprinted thereon (the "Starburst Trade Dress"), as shown below:



11. As a result, Wrigley enjoys extensive common law trademark rights in the STARBURST mark and the Starburst Trade Dress.

12. Wrigley owns numerous federal registrations for its STARBURST mark and trade dress, including, but not limited to, U.S. Reg. Nos. 1,000,007; 1,545,544; 4,625,960; and 4,175,344 (such federal registrations, collectively with the common law trademark rights in the STARBURST mark and Starburst Trade Dress, are hereinafter referred to as the "STARBURST Mark and Trade Dress").

13. Similarly, Wrigley and its predecessors have long marketed candy and related products under the famous SKITTLES mark and trade dress, which features, among other things, the word mark SKITTLES in white block lettering, distinctive rainbow designs, distinctive candy-coated lentils with an "S" imprinted thereon, and a cascade design of these candy lentils (the "Skittles Trade Dress"), as shown below:



14. As a result, Wrigley enjoys extensive common law trademark rights in the SKITTLES mark and the Skittles Trade Dress.

15. Wrigley has obtained numerous federal registrations for both its SKITTLES mark and the Skittles Trade Dress, including, but not limited to U.S. Reg. Nos. 1,221,105; 1,331,145; 2,535,714; and 4,393,854 (such federal registrations, collectively with the common law

trademark rights in the SKITTLES mark and Skittles Trade Dress, are hereinafter referred to as the "SKITTLES Mark and Trade Dress").

16. Each of the above-referenced trademark registrations are valid, subsisting, and in full force, and, together with Wrigley's extensive common law rights, make the STARBURST Mark and Trade Dress and the SKITTLES Mark and Trade Dress (collectively, the "Wrigley Trademarks") valuable assets owned by Wrigley.

17. Wrigley's STARBURST Registration Nos. 1,000,007; and 1,545,544 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

18. Wrigley's SKITTLES Registration Nos. 1,221,105; 1,331,145; and 2,535,714 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19. Wrigley is the exclusive owner of the Wrigley Trademarks and all of the related business and goodwill throughout the United States. Attached hereto as **Exhibit A** are true and correct copies of the trademark registration certificates for the Wrigley Trademarks as issued by the United States Patent and Trademark Office.

20. Wrigley has expended millions of dollars and significant effort to advertise and promote Wrigley's products bearing the Wrigley Trademarks, and has sold many millions of these products. As a result, the Wrigley Trademarks have acquired strong secondary meaning signifying Wrigley.

21. Due to Wrigley's extensive marketing efforts and sales success, the Wrigley Trademarks have each become extremely valuable corporate assets. Wrigley has successfully licensed its trademarks to third parties who agree to abide by Wrigley's guidelines for use of the trademark(s).

22. The Wrigley Trademarks are strong and distinctive marks, which are immediately recognized by the public as a brand indicator of, and inextricably associated with, Wrigley's products. The Wrigley Trademarks identify authorized products that emanate from, or are licensed or sponsored by, Wrigley.

## II. DEFENDANTS' WRONGFUL ACTS

23. Upon information and belief, Defendants market and sell e-liquid for electronic cigarettes online at https://www.getwreckedjuices.com.

24. Rather than develop their own brand names for their products, Defendants have chosen to market their e-liquid for electronic cigarettes using Wrigley's STARBURST mark, without authorization or license, as shown below:



> **DESCRIPTION**
>
> We've tried several other "*Pink Starburst*" flavors and were underwhelmed. They either taste like flavorless air or like a sad strawberry. We took it upon ourselves to fill this unacceptable void and make what tastes not like, but **like is** Pink Starburst!
>
> We consider this flavor to be a true Get Wrecked OG because NO ONE makes it like we do!
>
> Most customers enjoy this juice after 7-10 days of steeping.
>
> Get Wrecked OG / Pink Starburst

25. Additionally, Defendants are marketing an e-liquid product for electronic cigarettes under the mark SKEETLEZ, which, upon information and belief, is intended to be confusingly similar to Wrigley's SKITTLES mark, as shown below:



> **DESCRIPTION**
>
> Experience the spectrum of visible light!
>
> Candy / Skeetlez

Defendants' intent to market the "Skeetlez" e-liquid product in such a way as to trade off of and infringe upon Wrigley's famous SKITTLES Mark and Trade Dress is apparent when viewing the prior listing of the product on Defendants' website, which included an image containing Skittles Trade Dress in the form of "S"-imprinted candy-coated lentils, as shown below:



26. On June 28, 2017, Wrigley's counsel wrote to Defendants detailing Wrigley's rights in its Wrigley Trademarks, and demanding that Defendants stop selling products bearing the SKITTLES Mark and Trade Dress and the STARBURST Mark and Trade Dress. At the time of sending that letter, Defendants were marketing their "Skeetlez" e-liquid product with the image above containing Skittles Trade Dress. Defendants did not respond to Wrigley's counsel's letter and failed to remove the infringing STARBURST and SKITTLES products from their

website, though the "Skeetlez" product image was at some point thereafter changed to the rainbow image above.

27. Wrigley's counsel again wrote to Defendants in July 2017, October 2017, and December 2017, each time demanding that Defendants stop selling products bearing the Wrigley Trademarks. Defendants did not respond to any of these letters and continue to offer for sale on their website the infringing STARBURST and SKITTLES products.

28. Upon information and belief, Defendants adopted and use the STARBURST and SKEETLEZ marks with full knowledge of, and in willful disregard of Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the Wrigley Trademarks.

## FIRST CLAIM FOR RELIEF
## Federal Trademark Infringement

29. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

30. Defendants' acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

31. Upon information and belief, Defendants adopted and use the STARBURST and SKEETLEZ marks with full knowledge of, and in willful disregard of Wrigley's rights in its trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

32. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

33. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

34. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Federal Trademark Dilution

35. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. The Wrigley Trademarks are inherently distinctive and famous under 15 U.S.C. § 1125(c).

37. Defendants' unlawful use of the Wrigley Trademarks in commerce began long after the Wrigley Trademarks became famous.

38. Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of the famous Wrigley Trademarks.

39. Upon information and belief, Defendants adopted and use the STARBURST and SKEETLEZ marks with full knowledge of the Wrigley Trademarks, and with the willful intention to trade on Wrigley's reputation and/or cause dilution of the famous Wrigley Trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

40. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

41. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

42. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Federal Unfair Competition**

43. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

44. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Wrigley, or as to the origin, sponsorship, or approval of Defendants' goods. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

45. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

46. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

47. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Deceptive Trade Practices Pursuant to 815 ILCS §§ 510/1, *et seq*.**

48. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

49. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products

with Wrigley products; and using deceptive representations or designations of origin in connection with Defendants' products.

50. The unauthorized use by Defendants of the Wrigley Trademarks is causing and is likely to cause substantial injury to the public and to Wrigley, and Wrigley has no adequate remedy at law for this injury. Wrigley is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

**FIFTH CLAIM FOR RELIEF**
**Common Law Unfair Competition**

51. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Defendants' acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

53. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

54. Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Wrigley respectfully requests that this Court:

1. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, and all other

persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the Wrigley Trademarks, including the STARBURST Mark and Trade Dress, the SKITTLES Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

3. Require Defendants to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the STARBURST Mark and Trade Dress, the SKITTLES Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

4. Require Defendants to immediately deliver to Wrigley for destruction all products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the STARBURST Mark and Trade Dress, the SKITTLES Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley, pursuant to 15 U.S.C. § 1118;

5. Require Defendants to immediately cease sales of the products described above on their website, https://www.getwreckedjuices.com, and in any other locations on the Internet, including other websites owned or operated by Defendants or any of their affiliates, and any social media platforms owned or operated by Defendants or any of their affiliates;

6. Order Defendants to account to Wrigley all profits wrongfully derived by their unlawful conduct and to pay to Wrigley:

    a. all monetary actual and/or statutory damages sustained and to be sustained by Wrigley as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

      b.      all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

      c.      exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

      d.      pre-judgment interest on all damages; and

      e.      Wrigley's costs and disbursements in this action, including its reasonable attorney's fees;

7.     Direct that Defendants file with this Court and serve on counsel for Wrigley within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

8.     Order any such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Wm. Wrigley Jr. Company respectfully demands a trial by jury of all issues so triable by a jury.

Date: January 29, 2018

Respectfully submitted,
LOEB & LOEB LLP

By: /s/ Douglas N. Masters
Douglas N. Masters
Loeb & Loeb LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
Tel: 312-464-3100
Fax: 312-464-3111

*Attorneys for Plaintiff Wm. Wrigley Jr. Company*